**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Rae Jean Morin,
& James D. Morin, Jr.,

             Debtors

Chapter 13
Case No. 17-20012

## ORDER GRANTING MOTION IN PART AND SETTING CONTINUED HEARING

Rae Jean Morin and James D. Morin, Jr., the debtors in this joint case, were married when they filed their petition in 2017. They have recently informed the Court of their intention to seek a divorce under Maine law. To that end, they have asked for relief from the automatic stay to allow their "divorce to continue in the Androscoggin County Maine District Court, subject to this Court's continuing jurisdiction over [their] assets and creditors' claims." [Dkt. No. 114, p. 2.]

As a general matter, the automatic stay does not prohibit the commencement or continuation of a divorce proceeding. Relief from stay is not necessary for actions that are not subject to the stay. Exceptions to the automatic stay are set forth in section 362(b) and, as relevant here, that subsection provides that the automatic stay does not bar:

> the commencement or continuation of a civil action or proceeding—
>    (i) for the establishment of paternity;
>    (ii) for the establishment or modification of an order for domestic support
>       obligations;
>    (iii) concerning child custody or visitation;
>    (iv) for the dissolution of a marriage, *except to the extent that such
>       proceeding seeks to determine the division of property that is property of
>       the estate*; or
>    (v) regarding domestic violence[.]

11 U.S.C. § 362(b)(2)(A) (emphasis added).  So, while many aspects of a divorce proceeding under Maine law are not stayed by operation of section 362, some aspects are stayed.  Specifically, a divorce proceeding is subject to the automatic stay to the extent that the proceeding seeks to divide the parties' marital property that is included in the bankruptcy estate.  *See* 11 U.S.C. § 362(b)(2)(A)(iv).

There is tension between the Bankruptcy Code's genuflection to state law in the realm of domestic relations and the Code's protection of property of the bankruptcy estate (for the benefit of the debtor and her creditors).  An unbending rule that prevents the state court from doing its work in a divorce proceeding (including dividing marital property under 19-A M.R.S.A. § 953) goes too far one way.  And a reflexive grant of relief from the automatic stay in every single instance where debtors in a joint case want to dissolve their marriage and divide their property—but do not yet know the terms of the property division—goes too far the other way.

The Debtors' motion is hereby granted in part.  Relief from the automatic stay is granted for the Debtors to commence or continue their divorce proceeding, including to the extent that the proceeding will include a determination of the division of property that is property of the estate, whether such determination is made by the state court, on the basis of the parties' agreement, or otherwise.  No such determination will be effective, however, nor may such determination be implemented by the Debtors or anyone else, until further relief from stay is granted, after notice and opportunity for hearing in this chapter 13 case.

The Court will conduct a continued hearing on the Motion for Relief from Stay [Dkt. No. 114] on June 10, 2021 at 10:00 a.m.  The hearing will be held at the U.S. Bankruptcy Court, 202 Harlow Street, Bangor, ME.  If you intend to participate in the hearing via telephone you are

required to register with CourtCall at 1-866-582-6878, no later than 3:00 p.m. the last business day prior to the hearing.

Dated: May 25, 2021

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine